| | |
|---|---|
| DISTRICT COURT, EL PASO COUNTY, COLORADO<br>270 S. Tejon Street<br>Colorado Springs, CO 80903 | DATE FILED<br>September 21, 2024 9:25 AM<br>FILING ID: EB1518BE86C14<br>CASE NUMBER: 2024CV31805 |
| Plaintiff:   **MICHAEL KELLY**<br><br>v.<br><br>Defendants: **TAURUS INTERNATIONAL MANUFACTURING, INC. and TAURUS HOLDINGS, INC.** | **▲COURT USE ONLY▲** |
| Attorneys for Plaintiff:<br>Jeff A. Massey<br>LAW OFFICE OF JEFF A. MASSEY, LLC<br>P.O. Box 38125<br>Colorado Springs, CO 80937<br>(719) 717-4557<br>Atty. Reg. #: 39880<br>Email:  jeff@jmasseylaw.onmicrosoft.com | Case Number:<br><br><br><br>Div.:            Ctrm.: |
| **COMPLAINT** ||

COMES NOW the Plaintiff, Michael Kelly, by and through his attorneys of record, LAW OFFICE OF JEFF A. MASSEY, LLC and hereby alleges and complains as follows:

## JURISDICTION AND VENUE

1.  That the Plaintiff is an individual resident of El Paso County, Colorado and has been so at all times relevant to this matter.

2.  Defendant Taurus International Manufacturing, Inc. ("TIMI") is a corporation incorporated under the laws of the State of Georgia doing business in El Paso County, Colorado, with its principal office address located at 100 Taurus Way, Bainbridge, Georgia, 39817.  Defendant TIMI does not maintain a registered agent in the State of Colorado.  Defendant TIMI's registered agent in the State of Georgia is Thomas Conger, and he can be served with process at 218 E. Water Street, Bainbridge, Georgia, 39817.

3.  Defendant Taurus Holdings, Inc. ("Taurus Holdings") is a corporation incorporated under the laws of the State of Georgia doing business in El Paso County, Colorado, with its principal office address located at 100 Taurus Way, Bainbridge, Georgia, 39817.  Defendant Taurus Holdings does not maintain a registered agent in the State of Colorado.  Defendant Taurus Holdings' registered agent in the State of Georgia is Thomas Conger, and he can be served with process at 218 E. Water Street, Bainbridge, Georgia, 39817.

1

4. This court has jurisdiction over the subject matter at issue because this is a civil action for damages and/or equitable relief.  Colo. Const. Art. VI, § 9(1).

5. Venue is proper pursuant to COLO. R. CIV. P. 98(c).

**GENERAL ALLEGATIONS**

6. All preceding allegations are incorporated herein by reference.

7. Plaintiff Michael Kelly purchased a new Taurus Judge Colt .45 (the "Defective Pistol") at a Tanner Gun Show in Colorado Springs, El Paso County, Colorado on Saturday, September 17, 2022.  The Plaintiff is a highly experienced firearm user, who qualified as expert rifleman at basic training in 1974 when he first enlisted in the U.S. Army.

8. The Plaintiff has extensive experience with rifles and pistols and has been passionate about long range shooting for decades.  In furtherance of his passion for precision shooting, the Plaintiff began reloading ammunition in 1994.  He has reloaded thousands of rifle and pistol rounds without a single squib or over pressure issue.  The Plaintiff researched, examined, cleaned, and put the Pistol through its paces before using it for the first time.

9. Satisfied with his familiarity with his new Pistol, the Plaintiff went to the Cheyenne Mountain Shooting Complex at Fort Carson, Colorado on September 28, 2022.  The Plaintiff loaded five rounds of ammunition into the revolver and commenced to fire the Defective Pistol in compliance with the range safety rules and under the observation of the range safety officers.

10. The first two rounds fired without issue, striking the target where the Plaintiff expected.  The Plaintiff fired the third round from the brand-new Pistol, which led to a catastrophic failure of the firearm which exploded in the Plaintiff's hand.  The catastrophic failure resulted in a severely comminuted fracture involving the base of the distal phalanx of the second digit affecting the DIP joint, as well as a severely comminuted fracture of the middle phalanx extending proximally into the PIP joint on his dominant right hand.

11. Taurus Armas, S.A. has been producing small arms in Brazil since the early 1940s.  Taurus Armas, S.A. began to market and sell firearms in the United States in the late 1960s.  Defendant TIMI was incorporated in 1982 in Florida to serve as a United States subsidiary of Taurus Armas, S.A.  Upon information, investigation and belief, Defendant Taurus Holdings was incorporated in 1982 to serve as the holding company for Defendant TIMI and holds a 100% ownership interest in Defendant TIMI.  Defendants TIMI and Taurus Holdings are collectively referred to as "Defendants."

12. The Defective Pistol that was designed, engineered, manufactured, marketed, sold, distributed, and supplied by the Defendants was defective in that the design contains a timing issue that renders the Defective Pistol prone to catastrophic failure such as that experienced by the Plaintiff.  The design defect caused the projectile to strike the

forcing cone enough to spike chamber pressures that resulted in the round tumbling into the target (the "Timing Defect").  The Timing Defect caused the components of the Defective Pistol to catastrophically fail, resulting in the frame and top strap breaking from the force of the chamber coming out of battery.

13.  the barrel cracking at the top rail and the cylinder exploding into two pieces.  A photograph demonstrating the catastrophic failure of the Defective Pistol is attached below:



14. The Plaintiff has decades of experience in safely handling firearms, and never had any other incidents.  Despite his track record of firearms safety, the Plaintiff suffered significant bodily injuries, economic damages, and non-economic damages as a result of the acts and omissions of the Defendants.

## FIRST CLAIM FOR RELIEF
### (Negligence)

15. All preceding allegations are incorporated herein by reference.

16. Defendants owed the Plaintiff and other consumers a duty of care to reasonably and carefully design, engineer, manufacture, market, sell, import, distribute, and/or supply its firearms, and sell the weapon in questions so that it operated in a safe and

3

reasonable manner.

17. Defendants failed to properly design, engineer, manufacture, market, sell, distribute, supply, test, and/or inspect their firearms in a manner that a reasonably careful designer, engineer, manufacturer, marketer, seller, distributor and/or supplier would do under like circumstances and/or failed to do something that a reasonably careful designer, engineer, manufacturer, marketer, seller, distributor and/or supplier would do under like circumstances.

18. The Defendants failed to use reasonable care that a reasonably careful designer, engineer, manufacturer, marketer, seller, importer, distributor, and/or supplier of similar firearms would have used under like circumstances.

19. The Defendants negligently breached their duties of care to the Plaintiff by failing to use and apply good, safe, usual, prevailing, and reasonable principles and standards in designing, engineering, manufacturing, marketing, selling, distributing, supplying, testing, and/or inspecting the Plaintiff's pistol; Failing to take adequate corrective action or preventive action; failing to warn Plaintiff and the public of the Timing Defect; and other acts of negligence to be determined through discovery.

20. Plaintiff suffered injuries, losses and damages as described herein.

21. Defendants' breach of their duty of reasonable care was a proximate cause of Plaintiff's injuries, losses, and damages described herein, in an amount to be determined by the trier of fact.

**SECOND CLAIM FOR RELIEF**
**(Products Liability – Design Defect)**

22. All preceding allegations are incorporated herein by reference.

23. As a designer, seller, distributor, marketer, and/or supplier of firearms the Defendants are liable for injuries caused by their defective products. The Defendants were the designers in the chain of distribution of the Plaintiff's pistol and are liable as a matter of law for the injuries suffered by the Plaintiff as a result of the Defective Pistol.

24. A product is defective when a design defect renders the product unreasonably dangerous to the user and the product is expected to and does reach the user without substantial change affecting that condition.

25. A product is unreasonably dangerous when its design defect causes a failure to perform as safely as an ordinary consumer would expect when used as intended or when used in a manner reasonably foreseeable by the Defendants. A defective product is unreasonably dangerous even if the Defendants exercised all possible care in the preparation and sale of the Defective Pistol.

26. The Plaintiff's pistol is defective because the Timing Defect rendered the firearm unreasonably dangerous to Plaintiff. The Defective Pistol was expected to and did reach him without any change affecting that condition.

27. The Timing Defect was the proximate cause of the Plaintiff's injuries.

28. The Defendants are strictly liable for the injuries, damages, and losses that resulted from the Design Defect.

### THIRD CLAIM FOR RELIEF
### (Product Liability – Manufacturing Defect)

29. All preceding allegations are incorporated herein by reference.

30. Pleading further and in the alternative, as a distributor, seller, marketer, and/or supplier of a product the Defendants are liable for bodily injuries caused by a defective product. The Defendants were the manufacturers in the chain of distribution of the Defective Pistol and are liable for the Plaintiff's injuries that were proximately caused by the Defective Pistol.

31. Pleading in the alternative, if the failure of the Defective Pistol was not the result of a timing defect, then the pistol suffered a catastrophic failure due to a manufacturing defect. The manufacturing defect was unreasonably dangerous because it rendered the pistol different from its intended design and it failed to perform safely as the intended design would have performed.

32. The Plaintiff's pistol was defective because the manufacturing defect resulted in a catastrophic failure that caused the pistol to perform differently than its intended design. The Plaintiff's pistol was brand new and reached the Plaintiff without any change affecting the manufactured condition.

33. The manufacturing defect was the proximate cause of the Plaintiff's injuries.

34. The Defendants are strictly liable for the injuries, damages, and losses that resulted from the manufacturing defect.

### FOURTH CLAIM FOR RELIEF (JUSTIN SHULENSKI)
### (Product Liability – Breach of Implied Warranty of Merchantability)

35. All preceding allegations are incorporated herein by reference.

36. Defendants designed, manufactured, and distributed the Plaintiff's pistol.

37. Plaintiff is a person who was reasonably expected to use, consume or be affected by the product.

5

38. Defendants were merchants with respect to the type of product involved in the claim.

39. The product was not of merchantable quality at the time of sale.

40. The breach of warranty caused the Plaintiff to suffer injuries, losses and damages as described herein.

41. The breach of the implied warranty of merchantability has caused injuries, economic damages, non-economic damages, and other damages to the Plaintiff in an amount to be proven at trial.

**FIFTH CLAIM FOR RELIEF**
**(Product Liability – Breach of Implied Warranty of Fitness for a Particular Purpose)**

42. All preceding allegations are incorporated herein by reference.

43. Defendants designed, manufactured, and distributed the Plaintiff's pistol.

44. Defendants impliedly warranted the pistol to be fit or suitable for the particular purpose described herein.

45. Plaintiff is a person who was reasonably expected to use, consume or be affected by the product.

46. The pistol was not suitable or fit for the particular purpose for which it was warranted, and the breach of warranty caused the Plaintiff to suffer injuries, losses and damages as described herein.

47. The breach of the implied warranty of fitness for a particular purpose has caused injuries, economic damages, non-economic damages, and other damages to the Plaintiff in an amount to be proven at trial.

**SIXTH CLAIM FOR RELIEF**
**(Vicarious Liability)**

48. All preceding allegations are incorporated herein by reference.

49. Upon information, investigation, and belief, Defendant Taurus Holdings was the sole shareholder of Defendant TIMI.  At all times material to the allegations and claims in this Complaint, Defendant Taurus Holdings acted as principal to Defendant TIMI and exercised and/or retained the right to exercise extensive and continuous control over Defendant TIMI.

50. At all times material to the allegations and claims in this Complaint, Defendant TIMI was an agent of Defendant Taurus Holdings acting on its behalf and under the control of Defendant Taurus Holdings.

51. Defendant TIMI breached its duty of care to Plaintiff as set forth herein, and the Plaintiff was injured as a proximate result of the acts or omissions of Defendant TIMI.

52. Defendant Taurus Holdings is vicariously liable for the injuries, damages, and losses that resulted from the acts and omissions of Defendant TIMI because of its extensive and continuous control over Defendant TIMI.

## SEVENTH CLAIM FOR RELIEF
### (Joint Venture)

53. All preceding allegations are incorporated herein by reference.

54. Upon information, investigation, and belief, as the sole owner of Defendant TIMI, Defendant Taurus Holdings acted as principal to Defendant TIMI and exercised and/or retained the right to exercise extensive and continuous control over Defendant TIMI.

55. The Defendants were engaged in a joint venture in the design, manufacture and sale of firearms, with joint control or joint right of control over the design, manufacture and sale of firearms and a joint right to share in the profits or losses from the joint venture.

56. The Defendants breached their duty of care to the Plaintiff as set forth herein, and the Plaintiff was injured as a proximate result of the acts or omissions of the Defendants.

57. As a direct and proximate result of the negligence of the Defendants by way of their joint venture, the Defendants are jointly and severally liable for the injuries, damages, and losses suffered by the Plaintiff in an amount to be determined by the trier of fact.

## JURY DEMAND

58. Plaintiff demands a jury trial as to all claims so triable.

WHEREFORE, Plaintiff Michael Kelly requests that this Court enter judgment in his favor and against Defendants Taurus International Manufacturing, Inc. and Taurus Holdings, Inc., and award to Plaintiff:

A.    Damages, to be proved at trial;

B.    Costs of this action to the fullest extent possible;

C.    Pre-judgment interest from the date of injury to the date of judgment;

D.    Post-judgment interest to the date of satisfaction of the judgment;

E.    Reasonable attorney fees; and

F.    Such other and further relief as this Court may deem appropriate.


Dated:  September 21, 2024

Respectfully Submitted,

LAW OFFICE OF JEFF A. MASSEY, LLC

*/s/ Jeff A. Massey*

JEFF A. MASSEY, # 39880

P.O. Box 38125
Colorado Springs, Colorado 80937
(719) 717-4557
Attorneys for Plaintiff